IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HOSSAM ABDEL MAKSOUD,

              Plaintiff,

-against-

THE BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA and THE GUARDIAN
LIFE INSURANCE COMPANY OF AMERICA,

              Defendants.

Case No. 1:18-CV-9917(ALC)(RWL)

**ANSWER**

Defendant THE BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA ("Berkshire"), by their attorneys Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, as and for their Answer to the Complaint, allege as follows:

**THE PARTIES**

1. Berkshire lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Berkshire admits the allegations in paragraph 2 of the Complaint.

3. Berkshire admits the allegations in paragraph 3 of the Complaint.

4. The Guardian Life Insurance Company of America ("Guardian") has been dismissed from this action, and accordingly no response is required to the allegations in paragraph 4 of the Complaint.

5. Guardian has been dismissed from this action, and accordingly no response is required. To the extent that a response is required, Berkshire lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

6. In response to paragraph 6 of the Complaint, Berkshire repeats and re-alleges each of the foregoing responses as if fully set forth hereat.

7. Berkshire denies the allegations in paragraph 7 of the Complaint except to admit that Berkshire issued a policy to Plaintiff, dated February 25, 2004, under policy number Z0486840 (the "Policy").

8. Berkshire denies the allegations contained in paragraph 8 of the Complaint and respectfully refers the Court to any document(s) referenced in paragraph 8 of the Complaint for a full and complete statement of their terms and conditions.

9. Berkshire lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Berkshire denies the allegations contained in paragraph 10 of the Complaint.

11. Berkshire denies the allegations contained in paragraph 11 of the Complaint.

12. Berkshire denies the allegations contained in paragraph 12 of the Complaint.

13. Berkshire denies the allegations contained in paragraph 13 of the Complaint.

14. Berkshire denies the allegations contained in paragraph 14 of the Complaint.

15. Berkshire denies the allegations contained in paragraph 15 of the Complaint.

16. Berkshire denies the allegations contained in paragraph 16 of the Complaint.

17. Berkshire denies the allegations contained in paragraph 17 of the Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

18. In response to paragraph 18 of the Complaint, Berkshire repeats and re-alleges each of the foregoing responses as if fully set forth hereat.

19.     Paragraph 19 contains a prayer for relief, to which no response is required. To the extent that a response is required, Berkshire denies the allegations contained in paragraph 19 of the Complaint.

20.     Paragraph 20 contains a prayer for relief, to which no response is required. To the extent that a response is required, Berkshire denies the allegations contained in paragraph 20 of the Complaint.

21.     Paragraph 21 contains a prayer for relief, to which no response is required. To the extent that a response is required, Berkshire denies the allegations contained in paragraph 21 of the Complaint.

22.     Paragraph 22 contains a prayer for relief, to which no response is required. To the extent that a response is required, Berkshire denies the allegations contained in paragraph 22 of the Complaint.

23.     Paragraph 23 contains a prayer for relief, to which no response is required. To the extent that a response is required, Berkshire denies the allegations contained in paragraph 23 of the Complaint.

The paragraph of the Complaint beginning "WHEREFORE" and the paragraphs a-c thereafter contain requests for relief to which responsive pleadings are not required. To the extent answers are deemed required and/or averments are contained in said paragraphs Berkshire denies same and demands strict proof thereof.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

24.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims fall outside of, or are defeated by, the terms, conditions, limitations, and exclusions of the Policy.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. The Complaint is barred because of Plaintiff's breach of the Policy and/or because of Plaintiff's other fraudulent, negligent or otherwise wrongful conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff has failed to submit proof of disability as required under the terms and conditions of the Policy sued under and, as a result, is not entitled to disability benefits under the Policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff is not disabled under the terms and conditions of the Policy sued under and, as a result, is not entitled to disability benefits under the Policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29. At all relevant times, Berkshire acted in compliance with the Policy and observed all applicable laws and regulations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the doctrines of laches, unclean hands, estoppel, and/or waiver.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred based upon fraudulent material misrepresentations made in support of Plaintiff's application for disability benefits under the Policy.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32. Any loss or damage claimed by Plaintiff was not proximately caused by the acts or conduct of Berkshire. If Plaintiff has suffered any damages, which is denied, the damage was proximately caused by the act, omission, or negligence of others, including Plaintiff, for which Berkshire is not responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or part, by his failure to mitigate his damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

34. Plaintiff's demand for attorney's fees should not be granted because Berkshire acted reasonably and in good faith at all times and Berkshire's defenses in this action are reasonable and made in good faith.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

35. Plaintiff's recovery, if any, is limited by the terms, conditions, restrictions, limitations, exclusions and other provisions of the Policy.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

36. The actions and claims for declaratory judgment are duplicative of the action and claims for breach of contract.

**WHEREFORE**, Berkshire respectfully requests that the Complaint be dismissed with prejudice and that judgment be entered in favor of Berkshire, together with such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
November 19, 2018

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP

By: */s/ Susan Mauro*
Susan Mauro, Esq.
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
smauro@abramslaw.com
*Attorneys for Defendant*