USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __6/13/2022____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOSSAM ABDEL MAKSOUD,<br><br>                                **Plaintiff,**<br><br>-against-<br><br>THE BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>                                **Defendant.** | 18-cv-9917 (ALC)<br><br><u>ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

       Plaintiff Hossam Maksoud brings this action against Defendant Berkshire Life Insurance Company of America ("Berkshire") alleging breach of contract for the denial of coverage under a disability income policy. Maksoud also seeks a declaratory judgment declaring him disabled within the mean of the disability income insurance policy. Before the Court is Defendant's motion for summary judgment on all claims.

       Plaintiff contends that Defendant's denial of coverage is a breach of contract because he fulfills the requirements to be classified as totally disabled under the terms of the policy. To establish a claim for breach of contract under New York law, a plaintiff must allege: (1) the existence of a contract; (2) adequate performance of the contract by plaintiff; (3) defendant's breach of the contract; and (4) damages. *See Red Fort Capital, Inc. v. Guardhouse Prods., LLC*, 397 F. Supp. 3d 456, 477–78 (S.D.N.Y. 2019).

       The Policy defines total disability as an inability "to perform the material and substantial duties of your occupation" because of sickness or injury." UMF ¶ 4. Defendant argues that Plaintiff does not fall with in this definition because he continued to perform all his duties as a Supervising Pharmacist from the date he claimed his disability started to the date he sold his

retail pharmacies, which eliminated his position. In his Complaint Plaintiff asserted that his disability began "in or around May 2016." ECF No. 1-1 ¶ 10.

On July 27, 2021, over five years after filing his claim and nearly three years after commencing this action, Plaintiff notified Defendant by letter that he was mistaken about the date he became totally disabled. His claim, filed on May 24, 2016,[1] noted that his disability began on May 1, 2016. Plaintiff's July 27, 2021 Letter stated that the actual start of disability was September 21, 2016. *See* ECF No. 53-3 at 2. In the weeks following his May 24, 2016 claim, Plaintiff repeatedly told Defendant's representatives that he was totally disabled and unable to perform his duties as a supervising pharmacist. Plaintiff held on to these claims for the next five years, steadfastly maintaining that he became disabled on May 1, 2016.

Plaintiff's correction comes after the close of discovery, wherein Defendant was able to acquire the records of Plaintiff's prescription filling activity. The records indicated that Plaintiff filled prescriptions until the finalization of the sale of his pharmacies, that is, until September 21, 2016. Plaintiff's revision is an extraordinarily convenient one. Moreover, although Plaintiff mailed a letter to Defendant's regarding the revision, Plaintiff made no efforts to revise the factual allegations in his Complaint. To date, Plaintiff's Complaint still contends that his disability began on May 1, 2016.

Plaintiff "cannot amend [his] complaint simply by alleging new facts and theories in [his] memoranda opposing summary judgment." *Heletsi v. Lufthansa German Airlines, Inc.*, No. 99-cv-47932001 WL 1646518, at *1 n. 1 (E.D.N.Y. Dec. 18, 2001) (denying to consider new allegations where "Plaintiff alleges a different and inconsistent set of facts than those alleged in his Complaint."); *accord Lyman v. CSX Transp., Inc.*, 364 F. App'x 699, 702 (2d Cir. 2010)

---

[1] The letter incorrectly states that the claim was submitted on June 24, 2016. ECF No.53-3. The claim is dated May 24, 2016. ECF No. 45-6 at 43.

(finding district court did not abuse its discretion "in failing to consider plaintiff's new theories of liability" where plaintiff did not seek leave to amend).

Accordingly, the parties are hereby **ORDERED** to submit supplemental briefing on whether Plaintiff should be allowed to amend his complaint and if so, whether Plaintiff's counsel should be subject to sanctions for the delay in informing the Court and defense counsel of Plaintiff's error regarding the start of his disability. Defendant's motion for summary judgment is hereby **DENIED** without prejudice. The Clerk of the Court is respectfully directed to terminate ECF No. 45.

**SO ORDERED.**

Dated:   June 13, 2022
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**